UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NSA SAM,<br><br>                    Plaintiff,<br>        v.<br><br>ROBERT D. KELLAMS, et al.,<br><br>                    Defendants. | CASE NO. C16-0811JLR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Before the court is Plaintiff Nsa Sam's motion for reconsideration (MFR (Dkt. # 14)) of the court's January 13, 2017, order denying the parties' stipulated motion to extend the trial date (1/13/17 Order (Dkt. # 13)). In its January 13, 2017, order, the court declined to amend the scheduling order because the parties had not shown good cause for such amendment. (1/13/17 Order (citing Fed. R. Civ. P. 16(b)(4); Sched. Order (Dkt. # 8) at 2).) The court also indicated that upon the parties' request, the court would move the parties' trial date to the end of its trial calendar and issue a new scheduling order based on that trial date. (*Id.* at 2 n.1.)

ORDER - 1

Ms. Sam moves for reconsideration of the court's order. (*See* MFR.) "Motions for reconsideration are disfavored." *See* Local Rules W.D. Wash. LCR 7(h)(1). Nonetheless, the court will grant such a motion upon "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

In her motion for reconsideration, Ms. Sam argues that the defendants failed to timely provide discovery, which she contends constitutes good cause for an approximately two-month extension of all deadlines. (MFR at 2-3.) However, she makes no effort to show manifest error in the court's prior ruling or new facts or legal authority that could not have been brought to the court's attention earlier with reasonable diligence. (*See id.*); Local Rules W.D. Wash. LCR 7(h)(1). Ms. Sam fails to even acknowledge the standard that governs motions for reconsideration, and her motion makes clear that all of the facts and legal authority upon which she relies were available at the time the parties filed their stipulated motion. (*See* MFR at 1-5.) The court therefore declines to reconsider its prior order.

Moreover, even if the court construed the motion as a request to extend deadlines rather than a request for reconsideration, the court would deny the motion. The court has approximately 200 cases on its civil docket alone and a full trial calendar until the spring of 2018. The court will not postpone trial in another case simply to accommodate the parties in this matter. As the court has indicated (*see* 1/13/17 Order at 2 n.1), the parties may show good cause and request a new trial date in the spring of 2018 and a corresponding extension of the remaining case schedule dates. However, Ms. Sam

ORDER - 2

requests a trial date of September 18, 2017, rather than a trial date at the end of the court's trial calendar. (MFR at 5.) Furthermore, none of the defendants joined in Ms. Sam's motion for reconsideration, so the court disregards Ms. Sam's statement that even if the court denies an extension of the trial date, "the parties" request a two-month extension for the disclosure of expert testimony. (MFR at 4 n.1.) Ms. Sam has therefore failed to show that her motion warrants relief.

Because Ms. Sam fails to meet the standard on a motion for reconsideration and no defendants join her motion, the court DENIES Ms. Sam's motion for reconsideration (Dkt. # 14). The court's denial is without prejudice to Ms. Sam requesting an extension of deadlines in a manner that comports with this order, the prior orders of the court, the Local Civil Rules, and the Federal Rules of Civil Procedure.

Dated this 19th day of January, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 3